

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

*Patrick Henry Building*
*601 D St., N.W.*
*Washington, D.C. 20530*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No: 21-cr-426 (CKK) |
| | : | |
| | : | |
| | : | 40 U.S.C. § 5104(e)(2)(G) |
| | : | |
| **v.** | : | |
| | : | |
| **NICHOLAS P. HENDRIX,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## STATEMENT OF OFFENSE

Pursuant to Federal Rule of Criminal Procedure 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Nicholas P. Hendrix, with the concurrence of his attorney, agree and stipulate to the below factual basis for the defendant's guilty plea—that is, if this case were to proceed to trial, the parties stipulate that the United States could prove the below facts beyond a reasonable doubt:

### The Attack at the U.S. Capitol on January 6, 2021

1.      The U.S. Capitol, which is located at First Street, SE, in Washington, D.C., is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include

permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only
authorized people with appropriate identification are allowed access inside the U.S. Capitol.

2.      On January 6, 2021, the exterior plaza of the U.S. Capitol was closed to members
of the public.

3.      On January 6, 2021, a joint session of the United States Congress convened at the
United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint
session, elected members of the United States House of Representatives and the United States
Senate were meeting in separate chambers of the United States Capitol to certify the vote count
of the Electoral College of the 2020 Presidential Election, which had taken place on November
3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by
approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a
particular objection. Vice President Mike Pence was present and presiding, first in the joint
session, and then in the Senate chamber.

4.      As the proceedings continued in both the House and the Senate, and with Vice
President Pence present and presiding over the Senate, a large crowd gathered outside the U.S.
Capitol. As noted above, temporary and permanent barricades were in place around the exterior
of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the
crowd away from the Capitol building and the proceedings underway inside.

5.      At approximately 2:00 p.m., certain individuals in the crowd forced their way
through, up, and over the barricades, and officers of the U.S. Capitol Police, and the crowd
advanced to the exterior façade of the building. The crowd was not lawfully authorized to enter
or remain in the building and, prior to entering the building, no members of the crowd submitted

to security screenings or weapons checks by U.S. Capitol Police Officers or other authorized security officials.

6.      At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of law enforcement, as others in the crowd encouraged and assisted those acts. The riot resulted in substantial damage to the U.S. Capitol, requiring the expenditure of more than $1.4 million dollars for repairs.

7.      Shortly thereafter, at approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Pence, were instructed to—and did—evacuate the chambers. Accordingly, all proceedings of the United States Congress, including the joint session, were effectively suspended until shortly after 8:00 p.m. the same day. In light of the dangerous circumstances caused by the unlawful entry to the U.S. Capitol, including the danger posed by individuals who had entered the U.S. Capitol without any security screening or weapons check, Congressional proceedings could not resume until after every unauthorized occupant had left the U.S. Capitol, and the building had been confirmed secured. The proceedings resumed at approximately 8:00 p.m. after the building had been secured. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the session resumed.

*Nicholas Hendrix's Participation in the January 6, 2021, Capitol Riot*

8.      On January 5, 2021, the defendant drove from his home in Gorham, ME to a meeting place in or near Newton, MA, where he got on a bus with others to go to a political rally in Washington D.C. The

defendant arrived in Washington, D.C. on January 6, 2021 at approximately 6:30 a.m. The defendant attended a political rally at the Ellipse on the National Mall. Following the political rally, the defendant joined a large crowd and walked to the U.S. Capitol. After arriving at the U.S. Capitol, the defendant walked up the steps of the Capitol to the Rotunda door. At approximately 3:10pm, the defendant entered the U.S. Capitol through the Rotunda door with others in the crowd. The defendant remained in the Rotunda for approximately 90 seconds before walking back out of the Rotunda door. The defendant remained outside the Rotunda door and attempted to enter the Capitol a second time before he was stopped by a lachrymatory agent ("pepper spray"). The defendant then returned to the meeting point for his bus, which left Washington D.C. at approximately 6:30 p.m. to return to or near Newton, MA, after which he drove back to his home in Gorham, ME.

9.       The defendant knew at the time he entered the U.S. Capitol Building that that he did not have permission to enter the building. The defendant willfully and knowing entered the U.S. Capitol for the purpose of parading, demonstrating and picketing inside the Capitol Building.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney D.C.
Bar No. 481052

By:

Karen Rochlin, AUSA
(detailee)

## DEFENDANT'S ACKNOWLEDGMENT

I, Nicholas P. Hendrix, have read this Statement of the Offense and have discussed it with my attorney. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: _10 Jun 2022_

Nicholas P. Hendrix
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: _____

David Beneman
Attorney for Defendant

## Check list for pleas

United States v. Nicholas P. Hendrix, No. 21-cr-66-CKK

1.      Charged offense(s) (& statutory provision).

The defendant is charged by Information, ECF 9, with the following offenses:

**Count One**: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1):

**(a)** Whoever--
**(1)** knowingly enters or remains in any restricted building or grounds without lawful authority to do so …

or attempts or conspires to do so, shall be punished as provided in subsection (b).

**Count Two**: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2):

**(a)** Whoever--
**(2)** knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions …

or attempts or conspires to do so, shall be punished as provided in subsection (b).[1]

---

[1] The term "restricted buildings or grounds" in Section 1752(a) means "any posted, cordoned off, or otherwise restricted area--

**(A)** of the White House or its grounds, or the Vice President's official residence or its grounds;
**(B)** of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or
**(C)** of a building or grounds so restricted in conjunction with an event designated as a special event of national significance; and
**(2)** the term "other person protected by the Secret Service" means any person whom the United States Secret Service is authorized to protect under section 3056 of this title or by Presidential memorandum, when such person has not declined such protection.

18 U.S.C. § 1752(c)(1). The term "other person protected by the Secret Service" means "any person whom the United States Secret Service is authorized to protect under section 3056 of this title or by Presidential memorandum, when such person has not declined such protection." 18 U.S.C. § 1752(c)(2).

**Count Three:** Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D):

An individual or group of individuals may not willfully and knowingly—

**(D)** utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress;

and

**Count Four**:  Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G):
An individual or group of individuals may not willfully and knowingly— …

**(G)** parade, demonstrate, or picket in any of the Capitol Buildings.

2.    Charge(s) in plea (& statutory provision).

Under the terms of his agreement, the defendant will enter a plea of guilty to Count Four: Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. §5104(e)(2)(G):

An individual or group of individuals may not willfully and knowingly— …

**(G)** parade, demonstrate, or picket in any of the Capitol Buildings.[2]

3.    Elements of the offense.

To prove a defendant guilty is guilty of Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G), the government must prove the following beyond a reasonable doubt:

1. That the defendant paraded, demonstrated, or picketed;

2. That the defendant did so in any of the Capitol Buildings; and

---

[2] Under 40 U.S.C. § 5101, in Section 5104(e)(2), the term "Capitol Buildings" means the United States Capitol, and other specified locations not relevant to this case.

3. That the defendant did so willfully and knowingly.

To "parade" means to take part in "[a] march or procession, organized on a grand scale, in support of some political object." "Parade," *Oxford English Dictionary* (2nd ed. 1989); *see also* "Parade," *Merriam-Webster.com Dictionary* (June 16, 2022) ("to march in or as if in a procession"). Similarly, to "demonstrate" means to take part in "[a] public manifestation, by a number of persons, of interest in some public question, or sympathy with some political or other cause; usually taking the form of a procession and mass-meeting." "Demonstration," *Oxford English Dictionary* (2nd ed. 1989); see also "Demonstration," *Merriam-Webster.com Dictionary* (June 16, 2022) (to take part in "a public display of group feelings toward a person or cause," e.g., "peaceful *demonstrations* against the government" (emphasis original)). *United States v. Jesus D. Rivera*, No. 21-cr-60-CKK, 2022 WL 2187851 at *7 (D.D.C. June 17, 2022).

The term "Capitol Buildings" includes the United States Capitol.  40 U.S.C. § 5101.

To act "willfully and knowingly" is to "'be aware of and knowingly violate[ ] [a] legal obligation not to commit the charged *actus reus*.' *United States v. Burden*, 934 F.3d 675, 680 (D.C. Cir. 2019)." *Rivera*, 2022 WL 2022 WL 2187851 at *7.

4.     Copy of the plea agreement.

A copy of the plea agreement and statement of offense are being provided with this check list.

5.   Penalties

The defendant faces the following penalties:

Pursuant to 40 U.S.C. § 5109(b), either imprisonment for not more than six months, or a fine under Title 18 of no more than $5,000, *see* 18 U.S.C § 3571(b)(6), or both; pursuant to 18

U.S.C. § 3561(c)(2), a term of probation of not more than five years, and pursuant to 18 U.S.C. § 3013(a)(1)(A)(ii), a special assessment of $10.

6.      Guideline calculations

Section 5104(e)(2)(G), the offense of conviction under the plea agreement, is a Class B misdemeanor. *See* 40 U.S.C. § 5109(b) (penalty of not more than six months) and 18 U.S.C. § 3559(a)(7) (defining a Class B misdemeanor as an offense not otherwise classified and with a maximum term of imprisonment of six months or less but more than 30 days). The United States Sentencing Guidelines do not apply to Class B misdemeanors and thus do not apply to 40 U.S.C. § 5104(e)(2)(G). U.S.S.G. § 1B1.9.