UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | DOCKET NO. 1:21-cr-426-CKK |
| | ) | |
| NICHOLAS P. HENDRIX | ) | |

**DEFENSE RE-SENTENCING MEMORANDUM**

Nicholas Hendrix is scheduled for sentencing, in person, on April 23, 2024, at 10 a.m. We suggest a sentence of twelve additional months of probation with the conditions recommended in the PSR. Mr. Hendrix has already served 14 months of probation and 30 days in jail. The actual sentence will be 27 months probation with credit for the time already served, the standard and special conditions recommended in the PSR and by the government, $500 in restitution and the required $10 misdemeanor assessment. Hendrix has paid the monetary assessments.

**Case Background**

On January 6, 2021, Nicholas Hendrix (Nick) entered the Capital Building as part of the events of that day. He was charged in a misdemeanor information on June 23, 2021. He pled guilty to count four on June 27, 2022. He was sentenced to 30 days incarceration followed by three years of probation, $500 in restitution and a $10 felony assessment on December 9, 2022. He self reported for service of the period of incarceration on January 28,

1

2023. Nick was on bail with conditions of release from May 27, 2021 until his self report on January 28, 2023, a period of 20 months. He gets no sentencing time credit for the 20 months on bail, despite being under supervison. He is credited for the month of jail time, and the fourteen months of probation he has served. We suggest that a month of jail time be "credited" by the court differently than the day for day of the time he was on probation.

**Original Sentence**

A review of the original sentencing transcript suggests if the appeals court ruled against a split sentence, "[w]hat it will do is get rid of the probation period." Sentencing Transcript p. 36. (ECF # 49). The court could sentence Nick to time served and "get rid of the probation period." At sentencing, the potential illegality of a "split" sentence was raised with the court. *Id.* pp. 36-37; Gov. Memo p 17 of ECF #60.  Specifically, the defense raised the legality of a split sentence with the court, citing the then-pending case of *U.S. v. Little*. *Id.*

> Mr. Beneman: As I know the Court is aware, the case of *United States of America vs. Little* is pending before the D.C. Circuit, Docket Number 22-3018. I believe oral argument was on November 7, 2022. And the issue before the circuit is whether, in fact, the law allows for a split sentence such as has been imposed in this case.
>
> THE COURT: Right. There's two disputes. One is whether you make it part

of a condition of probation, which I have not done -- whether you can give separate sentences. And they are considering it, so it may come down. **What it will do is get rid of the probation period.** It won't have any effect on the incarceration.

MR. BENEMAN: I appreciate if that would be the Court's ruling, but I'm not sure that that would be done by the appellate court. I would think --

THE COURT: No. The appellate court is deciding whether if I give a period of incarceration I can do it as a condition of probation or whether I can separately sentence him to probation. So the sentence of incarceration is not an issue. It is within the six months. The issue is whether I can tack on probation. So if they decide I cannot, he still is left with the 30 days.

MR. BENEMAN: Procedural --

THE COURT: I agree it's up there. They're making a decision. They're not deciding I can't sentence him to 30 days. The question is whether I can do a sentence that includes probation.

Transcript pp. 35-36 (ECF # 49)(Emphasis added).

**Government Position**

The Government suggests the court "impose a term of probation that will, including any credit for prior probation and incarceration, comport with the Court's original intention

of Hendrix serving three years of probation." Gov. Resentencing Memo, pp. 24-25.

**Credit for Jail Time Already Served**

Nick has already served 30 days in jail. Courts faced with a similar situation agree that time spent in jail should be given greater credit than time spent on probation. *United States v. Little*, 2024 WL 181260, at *6 (D.D.C., 2024); *U.S. v. Martin*, 363 F.3d 25, 39 (1st Cir. 2004), Gov. Resentencing Memo, 19-20, notes 1, 2. There is no specific formula for converting jail time to probation time. In this case, the original split sentence was vacated. A sentence of 36 months probation would in reality be **the same** as the vacated sentence because the jail time has already been served. Fairness to Nick, as well as the § 3553(a) factors, suggest the new sentence should recognize the jail time already served in a meaningful way. A sentence of 12 additional months of probation does that. The actual sentence would be 26 months of probation. And the reality is Nick would serve 26 months of probation **and** the 30 days of already served jail time. This approach credits the 14 months of probation already served, adds 12 months to serve for a subtotal of 26 months of actual probation. The month in jail can be viewed as the difference between 36 months probation initially ordered by the court and the total of 26 months we are urging. This is similar to the approach in *United States v. Mazzio*, No. 22-cr-214-RCL, where on re-sentencing the court applied credit to result in an additional 12 months of probation. *Id.*; Gov. Resentencing Memo p. 20, note 2.

**Nicholas Hendrix- Personal Background**

Nick is now age 37. He is married with four minor children and one adult step son. The children range in age from 4 to 12. PSR ¶¶ 32-33. Nick works full time as a journeyman pipefitter. PSR ¶¶ 47, 52. A veteran, he has an 80% disability rating from the VA. PSR ¶ 38. Nick has maintained consistent employment during his period of bail and probation. PSR ¶ 52. He currently works for CBB Construction Services. His work is not limited to pipefitting. Increasingly, he is called on for commercial plumbing, recently having been part of the plumbing team on a major addition at Maine's largest hospital. PSR ¶ 52a.

During his military career, Nick was deployed twice to Iraq. His experiences there left emotional scars and he was eventually diagnosed with PTSD in 2010. ¶ 40. The Army recognized Nick's exceptional service, awarding him The Army Achievement Medal for "Exceptionally meritorious service while assigned as a saw gunner," and the Army Commendation Medal for "Meritorious Service as a Team Leader" PSR ¶ 49. Nick received other awards, too, including the Army Good Conduct Medal, National Defense Service Medal, Global War on Terrorism Medal, Iraq Campaign Medal with Campaign Star, Army Service Ribbon, Overseas Service Ribbon - twice, Combat Infantry Badge, and Driver and Mechanic Badge. *Id*. Nick was honorably discharged from Army active duty in September 2009 and returned to Portland, Maine. He completed reserve duty and received his full Honorable Discharge on January 28, 2014.

**Remorse**

Nick showed his remorse soon after the event at the Capitol. When contacted by the FBI on January 21, 2021, he agreed to meet with the agents. Gov. Sentencing Memo p. 16. (ECF 31). He admitted his conduct, including entering the Capitol. He admitted the conduct was illegal. *Id.* p. 17. He allowed the agents to have photographs and video from his phone. *Id.* Nick provided his confession and the evidence against himself voluntarily. Without counsel. Without any promises. Agents again met with Nick on March 25, 2021. He answered their questions and provided physical items they asked about. *Id.* Again, without counsel and without any promises. Unlike some defendants, Nick did not self-aggrandize on social media. Nor to the press. He did not defend his conduct. Rather, Nick was cooperative and remorseful from the outset. He admitted his misconduct, pled guilty, and voluntarily pre-paid restitution and the assessment.

**Conclusion**

Nicholas Hendrix admitted his conduct, pled guilty, was on bail doing well for twenty months, then self reported and served 30 days in jail and has been on probation for fourteen months. He has maintained his sobriety through this period. He has obtained mental health treatment, including counseling. PSR ¶¶41, 41a.  He lives with his family and is employed. He supports his wife and four minor children. He has the support of his family, employer, coworkers and friends. A sentence of an additional year of probation, with the standard and

special conditions recommended by probation, is "sufficient but not greater than necessary" under the unique and specific facts and factors of this case. It provides a significant additional period of supervision balanced by the time already served. It meets the factors of §3553(a) and reminds Nick he must follow all of the conditions imposed by the court.

DATE: March 11, 2024                                        /s/ *David Beneman*
                                                            David Beneman
                                                            Attorney for Nicholas Hendrix

David Beneman
Federal Defender
P.O. Box 595
Portland, Me 04112-0595
207-553-7070 ext. 6921
David_Beneman@fd.org

**CERTIFICATE OF SERVICE**

I, **David Beneman**, attorney for **Nicholas Hendrix**, hereby certify that I have served, electronically, a copy of the **within "DEFENDANT'S RE-SENTENCING MEMORANDUM"** upon **Karen Rochlin**, Assistant United States Attorney, United States Attorney's Office, Miami, FL and all counsel of record via the ECF system.

                                                            /s/ *David Beneman*
                                                            David Beneman

DATE: March 11, 2024

CC: Nicholas Hendrix